**In the Matter of LETTERS of ROGATORY ISSUED BY the DIRECTOR OF INSPECTION OF the GOVERNMENT OF INDIA to take the Testimony of the President or Other Designated Representative of Messrs. Brown Brothers, Harriman & Company, and the President or Other Designated Representative of Chase Manhattan Bank.**

**No. M. 19–86.**

United States District Court
S. D. New York.

July 17, 1967.

---

Donovan, Leisure, Newton & Irvine, New York City, for movant, A. K. Jain; Granville Whittlesey, Jr., New York City, of counsel.

Davis, Polk, Wardwell, Sunderland & Kiendl, New York City, for Brown Bros., Harriman & Co.; Donald N. Dirks, New York City, of counsel.

Abrams & Cowan, New York City, for R. D. Shah, Director of Inspection of Government of India; Alvin R. Cowan, New York City, of counsel.

## OPINION

SUGARMAN, Chief Judge.

This action involves the income tax assessments to be made by the Government of India against A. K. Jain for the assessment years 1957–58 through 1960–61. Mr. Jain was Managing Director of a Liechtenstein corporation during those years that was very active in international finance.

Two of the institutions he and the corporation did business with are Brown Brothers, Harriman & Co. and The Chase Manhattan Bank. The Government of India seeks to examine appropriate representatives of those institutions. It is-

sued letters rogatory to this court directed to those institutions, and on December 14, 1966 David I. Shivitz was appointed a Commissioner to execute the letters rogatory.

A subpoena duces tecum was issued in the name of the Commissioner and directed to the President or other designated representative of Brown Brothers, Harriman & Co. It moved on February 14, 1967 to quash the subpoena on the grounds that Jain and his corporation did not have notice of the proposed deposition. When it subsequently developed that notice had been delivered to Jain and, through him, to the corporation, Brown Brothers, Harriman & Co. sought leave to withdraw its motion. Said leave was granted by Judge McLean on March 13th.

Then on March 15th Jain obtained an order to show cause seeking an order to quash the subpoena duces tecum, to stay and enjoin the taking of the deposition, and to vacate the order appointing the Commissioner. That is the pending application.

The sole question appears to be whether an inquiry to fix tax assessments conducted under the supervision of the Director of Inspection of the Income Tax Department of the Ministry of Finance of the Government of India is "a proceeding in a foreign or international tribunal" required by 28 U.S.C. § 1782(a) before the District Court will lend the assistance of its discovery powers.

The Director of Inspection claims that he is a tribunal under the 1961 Income Tax Act of India because Section 131 vests him with the powers of a court.

Jain contends that the Director of Inspection and the Calcutta Income-tax Officer are merely investigative officials whose function is to determine if any additional tax is owed by a taxpayer. He claims that that is not a judicial function, nor does any adversary nature attach to it as in the usual court proceeding.

760

Section 131 of the Income Tax Act of 1961 reads as follows:

"(1) The Income-tax Officer, Appellate Assistant Commissioner, Inspecting Assistant Commissioner and Commissioner shall, for the purposes of this Act, have the same powers as are vested in a court under the Code of Civil Procedure, 1908, when trying a suit in respect of the following matters, namely:—

"(a) discovery and inspection;

"(b) enforcing the attendance of any person, including any officer of a banking company and examining him on oath;

"(c) compelling the production of books of account and other documents; and

"(d) issuing commissions.

"(2) Without prejudice to the provisions of any other law for the time being in force, where a person to whom a summons is issued either to attend to give evidence or produce books of account or other documents at a certain place and time, intentionally omits to attend or produce the books of account or documents at the place or time, the income-tax authority may impose upon him such fine not exceeding five hundred rupees as it thinks fit, and the fine so levied may be recovered in the manner provided in Chapter XVIID.

"(3) Subject to any rules made in this behalf, any authority referred to in subsection (1) may impound and retain in its custody for such period as it thinks fit any books of account or other documents produced before it in any proceeding under this Act: "Provided that an Income-tax Officer shall not—

"(a) Impound any books of account or other documents without recording his reasons for so doing, or

"(b) retain in his custody any such books or documents for a period exceeding fifteen days (exclusive of holidays) without obtaining the approval of the Commissioner therefor."

Section 135 vests the Director of Inspection and other superior tax authority officials with "all the powers that an Income-tax Officer has under this Act in relation to the making of enquiries."

Section 136 states:

"Any proceeding under this Act before an Income-tax authority shall be deemed to be a judicial proceeding within the meaning of sections 193 and 228 and for the purposes of section 196 of the Indian Penal Code."

Prior to 1964, 28 U.S.C. § 1782 was limited to depositions of any witness within the United States "to be used in any judicial proceeding pending in any court in a foreign country with, which the United States is at peace". The 1964 amendment enlarged this to include proceedings "in a foreign or international tribunal".

The reasons for this change were set out in the Senate Judiciary Committee Report recommending passage of the bill in which this amendment was contained:

"Subsection (a) of proposed revised section 1782 also describes the foreign proceedings in connection with which U.S. judicial assistance may be granted. A rather large number of requests for assistance emanate from investigating magistrates. The word 'tribunal' is used to make it clear that assistance is not confined to proceedings before conventional courts. For example, it is intended that the court have discretion to grant assistance when proceedings are pending before investigating magistrates in foreign countries. (See Lelievre in Letters Rogatory 13 (Grossman ed. 1956).) In view of the constant growth of administrative and quasi-judicial proceedings all over the world, the necessity for obtaining evidence in the United States may be as impelling in proceedings before a foreign administrative tribunal or quasi-judicial agency as in proceedings before a conventional

foreign court. Subsection (a) therefore provides the possibility of U.S. judicial assistance in connection with all such proceedings. * * *"[1]

The word "tribunal" is derived from the Latin "tribunus" who was a public official empowered to administer justice. The tribunal was originally the place where such a person held court and dispensed justice. It has since taken on the meaning of "a person or body of persons having authority to hear and decide disputes so as to bind the disputants" according to Webster's New International Dictionary.

As stated in the treatise by Dr. Debiprosad Pal submitted by movant Jain, courts and tribunals are similar but very different things.

"A body which determines controversies of the rights of contesting parties is called a 'Tribunal' when it possesses some but not all trappings of a 'Court'. It exercises, after hearing evidence, judicial functions in the sense it has to decide on evidence between a proposal and an opposition and has to decide rightly after hearing evidence and opposition."

Such are the functions performed by Income-tax officers and certain other tax officials under Section 131 supra, which, for the purposes of the Income Tax Act, grants them "the same powers as are vested in a court under the Code of Civil Procedure, 1908, * * *."

Assuming that the provision of said Section 131, vesting certain Income-tax Department officials, including income-tax officers, with powers of a court as to the enumerated matters, including discovery and inspection, enforcing the attendance of witnesses including officers of banking companies and examining them under oath, and compelling the production of books and records, be read to apply only when they are "trying a

suit" there is no doubt that in these operations the income-tax officers act judicially or at least quasi-judicially.[2] When judicial proceedings of this nature are being conducted before an income-tax officer, under Section 136 anyone who gives false evidence before him may be imprisoned for a term of up to seven years and anyone who insults him may be imprisoned for a term of up to six months or fined up to 1000 rupees, or both.

Jain has cited a decision of the Supreme Court of India, S. S. Gadgil v. Lal & Co., 53 I.T.R. 231 (1964), indicating that income-tax assessment enquiries are not this type of judicial proceeding and hence not the "proceeding" contemplated by Section 1782. In the *Gadgil* case the court states:

"A proceeding for assessment is not a suit for adjudication of a civil dispute. That an income-tax proceeding is in the nature of a judicial proceeding between contesting parties, is a matter which is not capable of even a plausible argument. The income-tax authorities who have power to assess and recover tax are not acting as judges deciding a litigation between the citizen and the State: they are administrative authorities whose proceedings are regulated by statute, but whose function is to estimate the income of the taxpayer and to assess him to tax on the basis of that estimate. Tax legislation necessitates the setting up of machinery to ascertain the taxable income, and to assess tax on the income, but that does not impress the proceeding with the character of an action between the citizen and the State."

This is but another way of distinguishing between proceedings before a court and proceedings before a tribunal. As Section 1782 read prior to 1964, it covered only contested judicial proceedings

---

1. 1964 U.S.Code Cong. & Ad.News p. 3788.

2. Section 131 may also be read to mean that the tax officials enjoy the enumerated powers of a court when the *court* is trying a suit. In such case the tax officials would doubtless have the power to issue letters rogatory.

of the type mentioned in the *Gadgil* case. But the express purpose of the amendment of 1964 was to include administrative tribunals or quasi-judicial proceedings such as an income-tax assessment hearing before a tax authority.

28 U.S.C. § 1782 leaves the granting of relief to the discretion of the court in each instance. Jain argues that even if the Calcutta income tax proceeding is found to be within the scope of Section 1782, I should exercise my discretion and grant his motion mainly on the contention that a corresponding official of the United States Internal Revenue Service could not obtain from the courts of India the assistance which the Indian Income Tax Department here seeks.

In this regard I am persuaded by the intent of the Statement contained in the Senate Judiciary Committee Report:

"Until recently, the United States has not engaged itself fully in efforts to improve practices of international cooperation in litigation. The steadily growing involvement of the United States in international intercourse and the resulting increase in litigation with international aspects have demonstrated the necessity for statutory improvements and other devices to facilitate the conduct of such litigation. Enactment of the bill into law will constitute a major step in bringing the United States to the forefront of nations adjusting their procedures to those of sister nations and thereby providing equitable and efficacious procedures for the benefit of tribunals and litigants involved in litigation with international aspects.

"It is hoped that the initiative taken by the United States in improving its procedures will invite foreign countries similarly to adjust their procedures." [3]

Accordingly, I find that the income tax assessment proceedings now pending in Calcutta against Jain is a proceeding before a foreign tribunal as contemplated by 28 U.S.C. § 1782. Jain's motion is in all respects denied.

It is so ordered; no further order is necessary.

3. 1964 U.S.Code Cong. & Ad.News p. 3783.